Citation Nr: 1450457 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 09-15 878 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to an evaluation in excess of 50 percent for service-connected posttraumatic stress disorder (PTSD) with depressive disorder and social anxiety. 


REPRESENTATION

Appellant represented by: Colorado Division of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

B. R. Mullins, Counsel

INTRODUCTION

The Veteran had active service from October 1969 to June 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, denying the claim currently on appeal. 

In October 2012, the Veteran testified before the undersigned Acting Veterans Law Judge via video conference. A written transcript of this hearing has been prepared and associated with the evidence of record. 

The Board notes that, in addition to the paper claims file, the Veteran also has an electronic Virtual VA and Veteran Benefits Management System (VBMS) paperless claims files. A review of the documents in Virtual VA reveals VA treatment records dated from July 2001 through May 2012. The remaining documents are either duplicative of the evidence in the paper claims file or are irrelevant to the issue on appeal. There are no documents in the VBMS file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regrettably, a remand is necessary in this case to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

As an initial matter, the Board notes that the Veteran testified in October 2012 that he was receiving 100 percent disability benefits from the Social Security Administration (SSA) for his PTSD. Such records would very likely be relevant to the claim currently on appeal. There is no indication that any records have been requested or obtained from SSA. Any determination pertinent to the Veteran's claim for SSA benefits, as well as any medical records relied upon concerning that claim, must be obtained. See Murincsak v. Derwinski, 2 Vet. App. 363, 369-70 (1992) (providing that where VA has actual notice of the existence of records held by SSA which appear relevant to a pending claim, VA has a duty to assist by requesting those records from SSA). 

In addition, the most recent VA examination of record took place in January 2012. In June 2012, the Veteran asserted that he did in fact have suicidal ideations and that he suffered from panic attacks on a daily basis. During the October 2012 hearing, the Veteran's wife explained that his disability had become progressively worse over the previous year and that the Veteran had become more withdrawn. He was also noted to be more violent. The Veteran also expressed his opinion regarding the current level of disability associated with his PTSD, indicating that he was having more panic attacks and that he sometimes felt that his family would be better off without him. 

The duty to conduct a contemporaneous examination is triggered when the evidence indicates that there has been a material change in disability or that the currently assigned disability rating may be incorrect. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994); see also Snuffer v. Gober, 10 Vet. App. 400, 403 (1997) (holding that a Veteran is entitled to a new examination after a two year period between the last VA examination and the Veteran's contention that the pertinent disability had increased in severity). As such, in light of it being nearly 3 years since the last examination, and the assertions that this disability has worsened and now warrants disability benefits through SSA, the Veteran should be scheduled for a more recent VA examination to determine the current level of severity of his service-connected PTSD with depressive disorder and social anxiety. 

Finally, the most recent record of VA medical treatment associated with the claims file is dated May 2012. Records prepared since this time should be obtained and associated with the claims file. 



Accordingly, the case is REMANDED for the following action:

1. Records of VA medical treatment prepared since May 2012 should be obtained and associated with the evidence of record. 

2. Any determination pertinent to the Veteran's claim for SSA benefits, as well as any medical records relied upon concerning that claim, should be obtained from SSA and associated with the claims file. All attempts should be made to obtain such records. If any records cannot be obtained after efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. The RO/AMC shall then schedule the Veteran for a VA psychiatric examination to determine the current level of severity of his service-connected PTSD with depressive disorder and social anxiety. The claims file and a copy of this remand must be provided to the examiner for review in conjunction with this examination, and the examination report should reflect that these items were reviewed. All necessary and indicated special studies or tests, to include psychological testing, should be accomplished.

The examiner is requested to: (a) determine all current manifestations associated with the Veteran's service-connected psychiatric disorder and to comment on their severity; and (b) specifically address the degree of social and occupational impairment caused by his psychiatric disorder. A current Global Assessment of Functioning (GAF) scale score must be provided. 

A complete rationale must be provided for any opinion offered, and the examiner must consider and discuss the Veteran's lay assertions regarding the severity and impact of his service-connected psychiatric disorder. 

4. The RO/AMC shall then ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND so as to help avoid future remand. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action must be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998).

5. The RO/AMC will then readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, the Veteran and his representative must be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).





 (CONTINUED ON NEXT PAGE)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
APRIL MADDOX
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).